ORIGINAL

Mark V. Oppenheimer
3129 Sondra Drive #202
Fort Worth, Texas 76107
Voice: 817-808-6698

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2004 OCT 12  AM 10: 03

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THERESA LYNCH, § | Civil Action No. |
| Plaintiff, § | 4-04CV-738-Y |
| vs. § | COMPLAINT and |
| CREDIT PROTECTION ASSOCIATION, L.P., § | DEMAND FOR JURY TRIAL |
| Defendant. § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.  Plaintiff, THERESA LYNCH, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ('TDCA") to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants violations of the FDCPA and the TDCA.

2.  Defendant, Credit Protection Association, L.P. attempted to collect a consumer debt ('Debt") allegedly owed by Plaintiff arising from a purported obligation to Tvmax. The obligation ('Debt) required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for

personal, family, or household purposes.

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. §1692k (d), 28 U.S.C. §§1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3) and Tex. Finance Code § 392.001(1).

6. Credit Protection Association, L.P. is a corporation engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Credit Protection Association, L.P. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Credit Protection Association, L.P. is also a 'third-party debt collector" as defined by Tex. Finance Code § 392.00(1)(7).

## Factual Allegations

7. On October 4th, 2004, Defendant mailed a collection letter to the Plaintiff, which by its design implied that this document was officially legal process and failed to effectively convey that this communication was an effort to collect a debt and the information obtained would be used for that purpose.

8. This collection letter, attached hereto as Exhibit A, was the first contact made by the Defendant to the Plaintiff and did not include any validation notices that the Plaintiff had the right to dispute the debt within a prescribed time. The Plaintiff received no other notice from the Defendant..

9. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

10. The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

11. The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

## First Claim for Relief

12. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing

paragraphs. The Defendants violations of the FDCPA include, but are not limited to, the following:

    a. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, by representing that if the Plaintiff did not make payment not later than midnight on the 23rd of October, 2004, that this Defendant would take unspecified, but appropriate action which could include all imaginable acts, to collect the minimal amount that was due the Creditor Tvmax.

    b. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (9), 15 U.S.C. § 1692e(13), and the least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means by creating the impression that the collection letter was an official court or governmental form.

    c. In violation of 15 U.S.C. § l692e(5) and the "least sophisticated consumer standard," the Defendants made threat to take all appropriate which could include any action which cannot legally be taken or that is not intended to be taken.

    d. In violation of 15 U.S.C. § 1692g and the "least sophisticated consumer standard," the Defendant failed to provide the required validation notice which would have allowed this Plaintiff to dispute the debt and required the Creditor to verify the amount allegedly due.

### Second Claim for Relief

13. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants violations of the TDCA include, but are not limited to the following:

    a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

    b. In violation of Tex. Fin. Code § 392.304(a)(9) and (10), by making the letter of collection to be an official governmental document.

    c.    In violation of Tex. Fin. Code § 392.304(a)(15), the Defendants used a communication that is in violation of the United States regulations.

    d.    In violation of Tex. Fin. Code § 392.304 (a)(19), the Defendants used false representations or deceptive means to collect a debt or obtain information concerning a consumer.

14.    Under Tex. Fin. Code Ann. § 392.403, the Defendants violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorneys fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.    Declare that Defendants actions violate the FDCPA and the TDCA.

2.    Enjoin the Defendants actions which violate the TDCA.

3.    Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4.    Grant such further relief as deemed just.

Dated: October 11, 2004.

                              Respectfully submitted

                              Mark V. Oppenheimer
                              ATTORNEY FOR PLAINTIFF
                              3129 Sondra Drive #202
                              Fort Worth, Texas 76107
                              Voice: 817-808-6698

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: October 12, 2004.

                          Respectfully submitted,

                          */s/ Mark V. Oppenheimer*
                          Mark V. Oppenheimer
                          3129 Sondra Drive #202
                          Fort Worth, Texas 76107
                          Voice: 817-808-6698

                          ATTORNEY FOR PLAINTIFF

# CREDIT PROTECTION ASSOCIATION, L.P.
A NATIONWIDE COLLECTION COMPANY

# NOTICE

10/04/2004

#BWNFMBY *AUTO**ALL FOR AADC 760
#01105159096#

Theresa Linch
3100 Hamilton Ave Apt 1202
Fort Worth, TX  76107-1827


01105159096

01-025040-72563706-00

YOU ARE HEREBY NOTIFIED that unless you cause payment to be made to the Business Office of:

    Tvmax
    Ste 1000
    1111 W Mockingbird Ln
    Dallas TX  75247-5010
    (800) 255-6775

on or before the **23rd** day of **Oct, 2004** or direct a check or money order in the amount of **$74.81** to said creditor, postmarked not later than midnight of that date, we shall recommend to your creditor that CPA be given full authority to take all appropriate action to collect this account.
Dated this 4th day of Oct, 2004.

0007-0001

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Credit Protection Association, L P  P O Box 802068 Dallas, TX 75380
FOLD, TEAR AND RETURN THIS PORTION WITH YOUR PAYMENT

01-025040-72563706-00
01105159096

Theresa Linch

Service balance:          $74.81

Total amount due:         $74.81

Amount paid:

**exhibit A**

10/04/2004
Remit to:

Tvmax
Ste 1000
1111 W Mockingbird Ln
Dallas TX  75247-5010

NOTICE  Any payment received on this account made by check which is dishonored by your financial institution, will be assessed a fee as authorized by state law.